UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **QUINCETTA Y. CARGILL,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 2:25-cv-0022-AMM-JHE |
| **UNITED STATES, et al.,** | ) |
| **Defendants.** | ) |

## ORDER OF DISMISSAL

Plaintiff Quincetta Y. Cargill filed a *pro se* complaint, alleging violations of her civil rights. Docs. 1, 2. Ms. Cargill names as defendants the United States of America, the U.S. Attorney's Office, and Assistant U.S. Attorney Melissa K. Atwood. Doc. 1 at 1. Ms. Cargill challenges her federal convictions and requests discovery which she asserts will establish that law enforcement officials and federal prosecutors "knowingly and intentionally presented false claims" to initiate criminal proceedings against her. Doc. 1 at 1–2; Doc. 2 at 3–4.

On January 16, 2025, the magistrate judge entered a report recommending the court dismiss this action without prejudice pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Doc. 4. The magistrate judge noted that Ms. Cargill has filed three or more cases that have been dismissed as frivolous or for failure to state a claim and her claims in the present complaint do not establish that she meets the

imminent danger exception to § 1915(g). *Id.* at 2. The magistrate judge advised Ms. Cargill of her right to file written objections within 14 days. *Id.* at 2–3. On February 3, 2025, Ms. Cargill filed a motion for leave to proceed *in forma pauperis*, Doc. 5, and objections to the magistrate judge's report and recommendation, Doc. 6.

In her objections, Ms. Cargill contends that she meets the imminent danger exception to the three strikes provision. *Id.* at 1–5. She states that an unidentified prison official physically assaulted her on an unidentified date while she was housed at FCI-Tallahassee.[1] *Id.* at 1–2; Doc. 6-3 at 1. Ms. Cargill further asserts that she has endured retaliation, threats, and "violent assaults" from unidentified prison officials at different institutions for her support of sexually abused inmates. Doc. 6 at 2–4. Additionally, she alleges that her health is declining due to inadequate medical care and the Bureau of Prisons' "staffing crisis." *Id.* at 3.

To qualify for the imminent danger exception to the three strikes provision, a prisoner must allege "specific fact allegations of ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Att'y's Office*, 334 F. App'x 278, 279 (11th Cir. 2009). Here, Ms. Cargill's allegations of past injuries are insufficient to establish imminent danger. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis

---

[1] Ms. Cargill is currently incarcerated at FCC-Hazelton in West Virginia. Doc. 1 at 3.

to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."). To the extent Ms. Cargill contends generally that she has not received adequate medical care or that she faces danger in the future, Doc. 6 at 3, 5, her allegations are speculative and/or unsupported by specific facts.

Furthermore, Ms. Cargill's allegations of retaliation, threats, physical assaults, and inadequate medical care are unrelated to her claims in the complaint in which she alleges federal prosecutors conspired to initiate criminal proceedings against her. *See Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (explaining that the allegations of imminent danger must be related to "the crux of the complaint") (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.")); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (stating that, in applying 28 U.S.C. § 1915(g), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury"). While Ms. Cargill states her wrongful incarceration amounts to "torture," Doc. 6 at 4, her complaint and objections are devoid of specific factual support that she faces imminent or ongoing serious physical injury. Accordingly, Ms. Cargill's objections, Doc. 6, are **OVERRULED**.

3

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, Doc. 4, and Ms. Cargill's objections, Doc. 6, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Ms. Cargill has not established that she is under imminent danger of serious physical injury to warrant an exception to the three strikes provision under 28 U.S.C. § 1915(g). Because Ms. Cargill did not pay the filing and administrative fee of $405 when she filed the complaint, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). Additionally, Ms. Cargill's motion for leave to proceed *in forma pauperis*, Doc. 5, is **DENIED**.

For information regarding the cost of appeal, see the attached notice.

**DONE** and **ORDERED** this 21st day of February, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  In Replying Give Number
Clerk of Court  of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $600 docket fee plus $5 filing fee (for a total of $605) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $605 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $605 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $605 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee,* your appeal may nevertheless proceed, BUT THE TOTAL $605 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $605 fee is collected, even if an appeal is unsuccessful.

David J. Smith
Clerk of Court

PLRA Notice

5